## WILLIAM RYAN *vs.* CHARLES MERRIAM.

A clerk in a case in insolvency, who made up and deposited in the office of the registe of probate a record of the proceedings therein, which has been lost, is not authorized t make up a new record partly from recollection; and a record so made up is not admiss· ble in evidence, but secondary evidence of the contents of the original record must b ɪ introduced.

Declarations of one who is neither a party to the record nor a witness are incompetent foɪ the purpose of showing that he is the real party in interest to an action.

Prior to *St.* 1856, *c.* 284, the same person might be clerk and assignee in the same case in insɔlvency.

Although a petitioner for the benefit of the insolvent laws must be a resident of this com-
monwealth, and have his residence or place of business in the county in which the pro-
ceedings are instituted, his petition need not allege these facts.

WRIT OF REVIEW of a judgment recovered by Charles Mer-
riam against William Ryan, without personal notice to Ryan,
in the superior court of the county of Suffolk at May term 1858,
founded on a prior judgment recovered by Merriam against
Ryan, in the court of common pleas for the county of Suffolk
in April 1853. Ryan admitted the recovery of the former judg-
ment against him, but set up as a bar thereto a discharge in in-
solvency granted to him in proceedings afterwards instituted by
him. At the trial in the superior court, before *Brigham*, J., Mer-
riam sought to invalidate this discharge, and called as a witness
Charles M. S. Churchill, who testified that he was both clerk
and assignee in Ryan's proceedings in insolvency; and he
stated various matters in relation to the record in the case,
which are fully set forth in the opinion. A copy of the original
petition for the benefit of the insolvent laws was put into the
case, in which the petitioner was described simply as " William
Ryan of Milton, trader," without any further averments of his
residence or place of business.

Ryan was allowed, under objection, to read in evidence the
following interrogatory and answer of E. L. Pierce, in a depo-
sition given by him : " State what you know as to one John M.
Way being the party in interest in this case. Ans. I heard him
testify at the former trial of this case in May, a year ago, and
he then testified that he was the party in interest as plaintiff."
The bill of exceptions did not show that Way was a witness at
this trial.

The jury returned a verdict for the plaintiff in review, and
the defendant in review alleged exceptions.

*E. M. Bigelow*, for the defendant in review.

*A. Churchill*, for the plaintiff in review.

METCALF, J. There are two grounds on which the court are
of opinion that the defendant in review is entitled to a new
trial.

*First*, by reason of the instruction to the jury respecting the

record. The clerk in the insolvency proceedings against the plaintiff in review testified that he kept a record or minutes of those proceedings, and that he thought he returned a record to the office of the register of probate. He further testified that, at the request of the counsel of the plaintiff in review, he made up the papers, which were produced at the trial and were denominated a record, partly from recollection, assisted by memoranda made at the time, and partly from original papers furnished by the same counsel; and that those papers were substantially the record of what took place. If he returned a record to the register's office, as he thought he did, it was the original record; it has been lost, and secondary evidence of its contents is admissible. And it was for the jury to decide whether the true contents were proved by the evidence which was admitted. Although that evidence was in writing, and in the form of a record, and sworn to as substantially correct, yet it was not a record nor an authenticated copy of a record, nor entitled to the weight in evidence which belongs to a record. It was on this view of the law, we presume, that the defendant in review prayed for the following instruction : " If the jury find there was a record kept by the clerk of the proceedings in insolvency, which was by him returned to the office of the register of probate, other than that now produced, the jury are not at liberty to consider the papers now said to be a record, as such." This prayer was not granted, and the jury were so instructed that we think they may have understood that the papers produced might be regarded as a record, although the clerk, before making them up, had returned a record to the proper place of deposit. We need not decide whether they might have been regarded as a record, if none had been returned.

This is a case in which an adherence to the strict application of the rules of evidence requires that a verdict be set aside, although the court may have little or no belief that it was in any way affected by an omission strictly to apply those rules. It is impossible to know that it was not. See *Lane* v. *Crombie,* 12 Pick. 177, 178; *Thacher* v. *Jones,* 31 Maine, 534.

*Secondly,* the testimony received for the purpose of showing

that a third person, not on the record, was a party in interest in this case, was not admissible.

The other exceptions argued for the defendant in review are to be overruled.

The union of the offices of clerk and assignee in the same person was never forbidden by any statute. Under the new system of courts of insolvency established by *St.* 1856, *c.* 284, a register could not be an assignee. Nor can he under the Gen. Sts. *c.* 119, § 9.

It was doubtless necessary to the jurisdiction of the commissioner that the plaintiff in review should be a resident in the Commonwealth, and have his place of business or his residence in the county of Norfolk. But his jurisdiction did not depend on the allegation of such residence in the petition for proceedings in insolvency.                                    *New trial granted.*